IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALEXANDER VELASQUEZ,

    Plaintiff,

vs.                                                                           No. CV 17-00797 WJ/KBM

CINDY LEOS, DISTRICT COURT JUDGE,
KATHLEEN RHINEHART, ATTORNEY,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court under 28 U.S.C. § 1915(A) and Fed. R. Civ. P. 12(b)(6) on the Prisoner's Civil Rights Complaint filed by Plaintiff Alexander Velasquez on August 3, 2017 ("Complaint") (Doc. 1). The Court will dismiss the Complaint based on absolute judicial immunity, failure to state a claim, and failure to comply with a Court order.

Plaintiff Alexander Velasquez is a pretrial detainee at the Metropolitan Detention Center. Velasquez was indicted by a Grand Jury and is awaiting trial in the Second Judicial District Court, State of New Mexico, on multiple charges including First Degree Murder, Kidnapping, Aggravated Burglary, Armed Robbery, and Possession of a Firearm by a Felon. *See* Doc. 1 at 2; *State v. Velasquez,* No. D-202-CR-201601881. *See, also, United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (The Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand). He is proceeding pro se in this Court.

Plaintiff Velasquez filed his Prisoner Civil Rights Complaint on August 3, 2017. (Doc. 1). Velasquez names, as Defendants, Second Judicial District Judge Cindy Leos and his criminal defense counsel, Public Defender Kathleen Rhinehart. (Doc. 1 at 1-2). Velasquez

1

claims that Attorney Rhinehart has been ineffective in representing him and he wants to substitute different counsel. Velasquez also contends that Judge Leos has not allowed him to properly explain why he does not want to be represented by Attorney Rhinehart. (Doc. 1 at 3). He claims the actions of Attorney Rhinehart and Judge Leos have deprived him of his constitutional right to effective assistance of counsel. (Doc. 1 at 2). The Court takes judicial notice that Attorney Rhinehart has withdrawn from representation and Velasquez is now represented by retained counsel in case no. D-202-CR-201601881. *United States v. Ahidley,* 486 F.3d at 1192 n. 5.

When he filed his Complaint, Plaintiff Velasquez did not pay the filing fee or submit an application to proceed without prepayment of fees and costs. The Court issued an Order to Cure Deficiency on August 10, 2017, ordering Velasquez to either pay the filing fee or submit an application to proceed without prepayment of fees under 28 U.S.C. § 1915 within thirty days. (Doc. 8). Velasquez did not pay the filing fee, did not submit an application to proceed under § 1915, and did not otherwise respond to the Order to Cure Deficiency.

The Court has the discretion to dismiss a pro se complaint *sua sponte* for failure to state a claim upon which relief may be granted under Fed.R.Civ.P. 12(b)(6). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Under Fed.R.Civ.P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of*

*Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

The Court liberally construes the factual allegations in reviewing a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

**The Claims Against Judge Leos are Barred by Judicial Immunity:** Velasquez has brought suit against Second Judicial District Judge Cindy Leos. (Doc. 1 at 1). Velasquez's civil rights claims against a judicial officer acting as a judge are clearly barred by absolute judicial immunity. *See Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978); *Christensen v. Ward,* 916 F.2d 1462, 1473-76 (10th Cir. 1990); *Hunnicutt v. Sewell,* 147 N.M. 272, 277-78, 219 P.3d 529, 534-45 (Ct. App. 2009). It is well settled that the doctrine of judicial immunity is applicable in actions, such as the case at bar, with 42 U.S.C. § 1983 claims as well as state law claims. *Van Sickle v. Holloway,* 791 F.2d 1431, 1434–35 (10th Cir.1986); *Collins on Behalf of Collins v. Tabet,* 111 N.M. 391, 396, 806 P.2d 40, 45 (1991). Absolute immunity bars all suits for money damages for acts made in the exercise of judicial discretion. *Guttman v. Khalsa,* 446 F.3d 1027, 1033 (10th Cir.2006).

The United States Supreme Court has recognized absolute immunity for officials whose special functions or constitutional status requires complete protection from suit. *Harlow v. Fitzgerald,* 457 U.S. 800, 807 (1982). The purpose of absolute judicial immunity is:

3

"to benefit the public, 'whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' The Supreme Court has recognized that 'the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.' Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation."

*Van Sickle v. Holloway,* 791 F.2d at 1434–35.

All of Velasquez's allegations against Judge Leos relate to the performance of her judicial functions. (Doc. 1 at 2-3). To the extent Velasquez sought injunctive relief against Judge Leos, his clams have been mooted by the withdrawal and substitution of retained counsel for Velasquez in his criminal case. *See Murphy v. Hunt,* 455 U.S. 478-481 (1982). Any damages claims against Judge Leos are for acts that were unquestionably made in the exercise of judicial discretion and are barred by absolute judicial immunity. *Harlow,* 457 U.S. at 807.

**<u>Public Defender Rhinehart Does Not Act Under Color of State Law:</u>** Velasquez also asserts clams against his Public Defender, Kathleen Rhinehart. (Doc. 1 at 2). Section 1983 states:

> "Every person who, ***under color of any statue, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia,*** *s*ubjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983 (emphasis added). The U.S. Supreme Court has held that public defenders cannot be sued under § 1983 because they do not act under color of state law. *See, Polk County. v. Dodson,* 454 U.S. 312, 315, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk,* 454 U.S. at 325.

The Complaint makes no allegations against Defendant Rhinehart other than that she was performing a lawyer's traditional functions as counsel to Velasquez in the state criminal

4

proceeding. Because Velasquez's claims are all based on allegations regarding the functions of counsel in his criminal case, Defendant Rhinehart is not a state actor and the complaint against her fails to state a § 1983 claim for relief. *Polk,* 454 U.S. at 325.

**Rule 41 Dismissal For Failure to Comply with Court Rule or Order**: On August 10, 2017, the Court entered its Order to Cure Deficiency, directing Plaintiff Velasquez to either pay the filing fee or submit an application to proceed *in forma* pauperis under 28 U.S.C. § 1915 within thirty days. (Doc. 4). Velasquez did not pay the filing fee, submit an application to proceed under § 1915, or otherwise respond to the Court's August 10, 2017 Order. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will also dismiss Velasquez's Complaint under Fed. R. Civ. P. 41(b) for failure to comply with the Court's August 10, 2017 Order.

**Amendment Would Be Futile:**

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

The Court concludes that, in this case, amendment of the Complaint would be futile. Velasquez will not be able to amend to state a claim against either Judge Leos or attorney Rhinehart because of immunity and lack of action under color of law. Any amendment would be

subject to immediate dismissal and, therefore, would be futile. *Bradley v. Val-Mejias,* 379 F.3d at 901.

Further, as a general rule, this Court must abstain for exercising jurisdiction under *Younger v. Harris,* 401 U.S. 37 (1971) when state criminal proceedings are pending in state court. *Younger* originally sought to prevent federal courts from enjoining state prosecution of criminal defendants. *See Younger,* 401 U.S. at 46; *see also Huffman v. Pursue, Ltd.,* 420 U.S. 592, 602 (1975). Under *Younger,* a federal court is required to abstain from exercising jurisdiction when: (1) there is an ongoing state criminal proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests. *Taylor v. Jaquez,* 126 F.3d 1294, 1297 (10th Cir.1997). *Younger* abstention is non-discretionary if these three conditions are satisfied. *Amanatullah v. Colorado Bd. Of Medical Examiners,* 187 F.3d 1160, 1163 (10th Cir. 1999).

Velasquez's state criminal proceedings were ongoing at the time he filed his § 1983 Complaint and are still ongoing at the present time. *See* Doc. 1 at 2; *State v. Velasquez,* No. D-202-CR-201601881. The New Mexico court system provides Velasquez an adequate forum. He may raise his claims that his constitutional rights have been violated in the State district court, and he may pursue those claims on direct appeal if he is convicted. *See, Braverman v. New Mexico*, 2012 WL 5378292, at *26 (D.N.M. Sept. 30, 2012). Last, the State of New Mexico's interest in being able to prosecute criminals for violation of state law is an important state interest. *Taylor v. Jaquez,* 126 F.3d at 1297. Any amendment Velasquez might make that would not be barred by immunity or lack of state action would be subject to dismissal under *Younger* and futile. *Hall v. Bellmon,* 935 F.2d at 1109.

**IT IS ORDERED** that the Prisoner's Civil Rights Complaint filed by Plaintiff Alexander Velasquez on August 3, 2017 (Doc. 1) is **DISMISSED** based on judicial immunity, failure to state a claim, and failure to comply with the Court's Order.

_____
UNITED STATES DISTRICT JUDGE